**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEMETRIO FLORES-HERNANDEZ and
THERESA LOPEZ,

                Plaintiffs,

v.

UNITED STATES OF AMERICA, *et al.*,

                Defendants.

Civil Action No. 21-13346 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on several motions from the parties: (1) Defendants United States of America, Ocean Health Initiatives, Inc., Taibat Gbadamosi, and Kendie Castillo's (collectively, the "United States") Motion to Dismiss Plaintiffs Demetrio Flores-Hernandez and Theresa Lopez's (collectively, "Plaintiffs") Complaint for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 27); (2) Samuel Preschel's ("Preschel") Cross-Motion to Dismiss Claims Against Dr. Samuel Preschel (ECF No. 28); and (3) Eileen Masterson's ("Masterson," and together with Preschel, "Individual Defendants") Cross-Motion to Dismiss the Complaint (ECF No. 31). Plaintiffs opposed United States' Motion to Dismiss (ECF No. 29), and the United States replied (ECF No. 34). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants all three motions.

## I. BACKGROUND

Plaintiffs brought this action for medical negligence against the United States under the Federal Tort Claims Act ("FTCA") and against Preschel and Masterson under state tort law.[1] In efforts to exhaust their administrative remedies as required by the FTCA, Plaintiffs initially filed a "Notice of Claim" with the U.S. Department of Justice (the "DOJ"). Because the DOJ was the incorrect agency to notify under the FTCA, it forwarded the claim to the U.S. Department of Health and Human Services ("HHS"), the appropriate agency. (ECF No. 27-2, Ex. A.) Allegedly believing that the required 180 days had passed since the filing of the Notice of Claim with no response from HHS, Plaintiffs filed this action (the "First Action") on July 6, 2021. The United States, Preschel, and Masterson each answered the Complaint (ECF No. 1) and asserted cross-claims for indemnification and contribution. (ECF Nos. 7, 14, 22, 23.)

Apparently recognizing a defect in the timing of the First Action, Plaintiffs filed a new action (the "Second Action")[2] on February 14, 2022, asserting the same claims against the same defendants. The United States followed with a Motion to Dismiss the First Action, and Preschel and Masterson each filed Cross-Motions to Dismiss, all three of which are addressed herein.

## II. LEGAL STANDARD

At any time, a defendant may move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[3] Fed. R. Civ. P. 12(b)(1), (h)(3). The Court may treat a party's motion as either a facial or factual challenge to the Court's jurisdiction. *Dickerson v.*

---

[1] Dr. Scott Siegal was initially a named defendant in this action. (*See* Compl. ¶ 12, ECF No. 1.) On April 23, 2022, Plaintiffs and Siegal entered into a Stipulation of Dismissal With Prejudice as to all claims made against Siegal in the Complaint. (ECF No. 33.)

[2] *See Flores-Hernandez v. United States*, No. 22-0798-MAS (D.N.J. Feb. 14, 2022), ECF No. 1.

[3] All references to "Rule" hereafter refer to the Federal Rules of Civil Procedure.

*Bank of Am., N.A.*, No. 12-03922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citing *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). When considering a facial attack, "the Court must consider the allegations of the complaint as true," akin to treatment of a 12(b)(6) motion. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortenson v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Additionally, the Court may only consider documents referenced in the complaint and attached thereto, in the light most favorable to the plaintiff. *Gould Elecs.*, 220 F.3d at 176 (citing *Mortenson*, 549 F.2d at 891). In contrast, when considering a factual attack, the Court is "free to weigh the evidence to satisfy itself" that it has jurisdiction, and "no presumptive truthfulness attaches to plaintiff's allegations." *Mortenson*, 549 F.2d at 891.

### III. **DISCUSSION**

The United States moves to dismiss Plaintiffs' FTCA claims and additionally moves to dismiss the cross-claims against it that bore from the FTCA claims. Preschel and Masterson, relying on the Court's dismissal of the FTCA claims, move to dismiss the state law claims against them, asking the Court to decline to exercise supplemental jurisdiction. The Court addresses the FTCA claims first, then turns to the cross-claims and the state law claims.

 **A. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' FTCA Claims Against the United States.**

A plaintiff must exhaust administrative remedies under the FTCA before he can bring an action before the court. 28 U.S.C. § 2675(a). This exhaustion requires a plaintiff to first "present[] the claim to the appropriate Federal agency" and then the agency to deny the claim "in writing and sent by certified or registered mail." *Id.* If the appropriate agency does not render a decision within six months after the claim is filed, this shall be "deemed a final denial of the claim." *Id.* If a claim is sent to the incorrect federal agency, "that agency shall transfer it forthwith to the

3

appropriate agency." 28 C.F.R. § 14.2(b)(1). "A claim shall be presented . . . as of the date it is received by the appropriate agency." *Id.*

District courts do not have jurisdiction to hear FTCA claims that have not been properly presented and administratively exhausted. *See Accolla v. U.S. Gov't*, 369 F. App'x 408, 410 (3d Cir. 2010) ("[B]ecause [Plaintiff] filed his FTCA action in federal court . . . before the expiration of the appropriate six month period, the [d]istrict [c]ourt was without jurisdiction to rule on the FTCA claim."); *see also Priovolos v. Fed. Bureau of Investigation*, 686 F. App'x 150, 152 (3d Cir. 2017) ("Federal courts cannot assume jurisdiction over FTCA claims until the plaintiff has first presented his claim to the appropriate federal agency and the claim has been denied." (citations omitted).) This exhaustion requirement "is jurisdictional and cannot be waived." *Priovolos*, 686 F. App'x at 152 (quoting *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2002)).

Here, no doubt exists that Plaintiffs did not exhaust their administrative remedies at the time that they initiated the First Action. While Plaintiffs allege that they initially presented their claims to the DOJ on December 21, 2020 (Compl. ¶ 8), the DOJ was the incorrect agency to adjudicate the claims. The DOJ subsequently transmitted the claims to HHS, the appropriate agency, and HHS confirmed receipt of the claims on January 26, 2022. (*See* ECF No. 27-2, Ex. A (letter from Hope L. Swann to HHS on January 14, 2021 forwarding claims from DOJ), Ex. B (letter from Connie M. McConahy with HHS acknowledging receipt of claims on January 25, 2021[4]), Ex. C (letter from Daretia M. Hawkins with HHS to Paul R. Garelick acknowledging receipt of claims on January 26, 2021).)

---

[4] This letter states that the "claims were received in the Claims Office on January 25, 2021 for consideration and reply." The Court views this as an inadvertent error. The Court's Order, however, does not turn on whether the claims were received on the 25th or the 26th.

Plaintiffs do little to rebut the untimeliness of the First Action. (*See generally* Pls.' Opp'n Br., ECF No. 29.) In fact, Plaintiffs all but conceded that there was a timeliness issue with the First Action by filing the Second Action. (*See* Pls.' Opp'n Br. 1 ("Based upon the fact that my office filed a second complaint in this matter on February 14, 2022, I believe it would be disingenuous to attempt to argue to this [C]ourt that there was not a concern of a potential procedural problem with respect to the timely filing of the complaint that is the subject of this motion.").) Plaintiffs also state that they would have "no objection" to dismissing the First Action and proceeding only with the Second Action as a matter of judicial economy.[5] (*Id.* at 3.)

Because Plaintiffs did not exhaust the required administrative remedies under the FTCA, this Court does not have jurisdiction to hear their claims. Accordingly, the United States' Motion to Dismiss Plaintiffs' claims is granted.

### B.  Individual Defendants' Cross-Claims Against the United States Lack Independent Jurisdiction.

Because the FTCA claims are dismissed based on jurisdictional grounds, the Court also dismisses the cross-claims against the United States. A cross-claim cannot survive dismissal of a plaintiff's claim on jurisdictional grounds if there is no independent source of jurisdiction for the cross-claim. *Fairview Park Excavating Co., Inc. v. Al Monzo Constr. Co.*, 560 F.2d 1122, 1125 (3d Cir. 1977) ("If a federal court dismisses a plaintiff's claim for lack of subject matter jurisdiction, any cross-claims dependent upon ancillary jurisdiction must necessarily fall as well.") Plaintiffs' claim in the First Action is dismissed for lack of subject matter jurisdiction for failure

---

[5] Plaintiffs do reference "statutory issues" that they seek to avoid in the Second Action by relating the claims against Preschel and Masterson back to the date of the First Action. (ECF No. 29.) The First Action is not the appropriate vehicle for these sorts of requests, and Plaintiffs are invited to file the appropriate motion in the Second Action.

to exhaust the required administrative remedies under the FTCA. Accordingly, United States' Motion to Dismiss all cross-claims is granted.

### C. The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining State Law Claims.

Federal courts have supplemental jurisdiction over all other related claims, even if lacking original jurisdiction, so long as the supplemental claims form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367. The Court is permitted to decline the exercise of supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). A court may, in its discretion, decline supplemental jurisdiction over state law claims after the claims with original jurisdiction have been dismissed. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). This decision should be based on "judicial economy, convenience and fairness to the litigants." *Id.* (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1505 (3d Cir. 1996) (quotation omitted) (citation omitted)).

Here, the factors weigh against the Court exercising supplemental jurisdiction over the remaining state law claims. The Court has dismissed the FTCA claims—the claims with original jurisdiction—and only the state law claims against Preschel and Masterson remain. In light of the fact that the Second Action is already pending before this Court against the same defendants and with the same claims, judicial economy weighs against the Court exercising supplemental jurisdiction. Therefore, Preschel and Masterson's Cross-Motions to Dismiss are granted.

## IV. CONCLUSION

For the above reasons, the Court grants the United States' Motion to Dismiss, Preschel's Cross-Motion to Dismiss, and Masterson's Cross-Motion to Dismiss. The Court will enter an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE